[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the Probate Court for the District of Meriden. The sole issue on this appeal is the finding and decree by the court that the state of Florida, and not the State of Connecticut was the state of domicile of the decedent for succession tax purposes. Exh. 1.
In McDonald v. Hartford Trust Co., 104 Conn. 169. 177 our Supreme Court, early on, laid out the guidelines for making a determination on fixing a domicile. "Our law provides that every person has a domicil somewhere, . . . It also provides `that he can have but one domicil for one and the same purpose, and that a domicil once acquired continues until another is established.' . . . The law does not permit one to abandon, nor recognize an abandonment of, a domicil until another has been established. . . . CT Page 941 Domicil in the technical sense of the term, we define . . . to be the actual or constructive presence of a person in a given place, coupled with the intention to remain there permanently. . . . But domicil is but the established, fixed, permanent, and may therefore be said to be the ordinary dwelling-place or place of residence of a party, as distinguished from his temporary and transient though actual place of residence. One is his legal residence as distinguished from his temporary place of abode," Rice v. Rice, 134 Conn. 440, 445, aff'd, 336 U.S. 674, 676.
In addition, the parties agree and the court is in accord, that although the plaintiff alleges that the decedent's domicile was Meriden, Connecticut at the time of his death and the defendant claims that this domicile was Boca Raton, Florida, the defendant has the burden of going forward with its proof although the overall burden of proof is on the plaintiff.
The evidence discloses the following: The decedent, John Nemeth, was born in Connecticut in 1917. By 1954 he had settled in Meriden, Connecticut. He established a successful business. He was president of the corporation operating the business known as Jonal Laboratories, Inc. He had two sons who eventually joined him in the business.
In 1977 Mr. Nemeth retired and moved to Florida. He transferred control of the business to his son Marc who became president of the company while he was made secretary. Mr. Nemeth first located on the west coast of Florida buying a business in that area. After a comparatively short time he sold that business and moved to the east coast of Florida to the town of Boca Raton. He bought a condominium in that town on January 19, 1981 which became his home. Exh. 2.
Through the years Mr. Nemeth and his wife would return to Meriden during the summer, usually from about June to September or early October. His wife's family was also from Meriden and still located in that city. At first they lived in rented apartments, but in June, 1980 he bought a condominium in Meriden for their use on visits. Exh. A.
His son, as president of Jonal, filed, as required, annual reports with the Secretary of state of Connecticut on which, since 1983 at least, his father's address was listed as Century Village, 4012 of Hythe, Boca Raton, Florida. Exh. B. When Mr. Nemeth would visit Meriden during the summer he would visit the company office one or two times a week and sit around reading newspapers. He had nothing to do with the operation of the company other than to inquire as to "how's business."?
Mr. Nemeth's annual income tax returns, from 1981 to his CT Page 942 death, were all filed from his listed address in Boca Raton, Florida. Exh. 4. The Federal Estate tax return was filed with his listed domicile as Boca Raton, Florida and accepted by the federal tax people without objection. Exh. 10.
On October 14, 1976 he created a family trust. In that trust agreement it was specifically provided that all questions pertaining to its validity, construction and administration shall be determined in accordance with the laws of the state of Connecticut. Exh. C. Mr. Nemeth's last will was executed on July 20, 1982. In that will he declared his residence to be Boca Raton, Florida. In that will he specifically directed that the executor of his will apply the law of the state of his domicile on the date of his death as such laws related to ascertainment of principal and income and such problems. Exh. E.
Mr. Nemeth's medical needs were attended to by Florida physicians. In 1987 when major surgery was required to be performed on him, it was done in Florida by Florida physicians of his choice. During his last illness he was attended by Florida physicians until his death on April 28, 1988 in Florida. Exh. 8 and E.
After moving to Florida, Mr. Nemeth's financial transactions and affairs were handled by Florida located financial institutions. Exh. 7 9. Also Social Security and Medicare business was processed through his Florida home. Exh. 5.
When Mr. Nemeth moved to Florida he gave up his Connecticut driver's license. Exh. D. He obtained a Florida driving license. He also gave up his right to vote in Connecticut and voted in Florida for the five years prior to his death. Exh. E.
Florida has a $25,000. Homestead tax exemption. To be eligible for the exemption an applicant must attest under oath as to the length of time he has occupied the property as his permanent legal residence. Mr. Nemeth had been granted such an exemption on his Florida home. Exh. 3.
Based on the evidence before this court, this court is compelled to find that the decedent, John Nemeth, intended to and in fact did establish a fixed, and permanent domicile or place of legal residence in Boca Raton, State of Florida and that said John Nemeth at that time intended to abandon his former domicile in the City of Meriden, state of Connecticut and did, in fact, abandon said former domicile in Meriden, Connecticut.
The court finds that at the time of his death on April 28, 1988, the decedent, John Nemeth, was domiciled in the town of Boca Raton, state of Florida and had been so domiciled for at least CT Page 943 five years prior to his death.
Judgment may enter dismissing the appeal.
HAROLD M. MULVEY, STATE TRIAL REFEREE